UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CHASITY WHITE, individually and on behalf of all others similarly situated, | Case No. _____<br>FLSA Collective Action |
| Plaintiff, | Plaintiff's Collective Action Complaint for Damages |
| vs. | |
| SOUTHEASTERN GROCERS, LLC d/b/a Winn-Dixie, | |
| Defendant. | Jury Trial Demanded |

## SUMMARY

1. Plaintiff worked for Defendant Southeastern Grocers, LLC d/b/a Winn-Dixie ("Winn-Dixie") as Customer Service Managers ("CSMs").

2. Winn-Dixie maintains a common corporate policy not to pay overtime wages to Plaintiff and other similarly situated CSMs despite the fact that Winn-Dixie requires its CSMs to work overtime hours.

3. Winn-Dixie classifies CSMs as exempt from the overtime pay requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

4. However, Winn-Dixie misclassifies the CSM position as exempt under the FLSA and owes Plaintiff and other similarly situated CSMs unpaid overtime wages and other damages.

5. CSMs, like Plaintiff, primarily perform the same duties as non-exempt classified and overtime-pay eligible store associates who work within Winn-Dixie's supermarkets.

6. As a result of this misclassification, Plaintiff and other CSMs in each of Winn-Dixie's Florida stores have not been paid overtime compensation for the overtime hours worked by them, in violation of the FLSA.

7. Plaintiff brings this lawsuit to recover these unpaid overtime wages and other damages owed by Winn-Dixie to Plaintiff and other CSMs.

8. This action seeks to recover the unpaid wages and other damages owed by Winn-Dixie to all these workers, along with the penalties, interest, and other remedies provided by federal law.

## JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Winn-Dixie resides in this District.

11. Plaintiff worked for Winn-Dixie in this District.

12. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

13. Plaintiff is a natural person.

14. Plaintiff was, at all relevant times, employees of Winn-Dixie.

15. Plaintiff Chasity White worked for Winn-Dixie as a CSM from about January 25, 2022 to May 23, 2022 in Jacksonville, Florida.

16. Plaintiff's written consent to join form is attached as Exhibit A.

17. Plaintiff seeks to represent a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former salaried CSMs who were classified as exempt and who worked for Winn-Dixie in Florida at any time from October 14, 2021[1] until the date of judgment in this action.**

18. Throughout this Complaint, the FLSA Collective members are also referred as the "Similarly Situated Workers."

19. Defendant Southeastern Grocers, LLC d/b/a Winn-Dixie is a grocery chain which operates approximately 400 grocery stores in the United States.

20. Winn-Dixie operates approximately 350 grocery stores in Florida.

21. Winn-Dixie is now owned by another grocery store operator, Aldi, and Plaintiff reserves the right to amend this Complaint to add Aldi as a Defendant.

22. Defendant is a Delaware limited liability company with its headquarters in Jacksonville, Florida.

## COVERAGE UNDER THE FLSA

23. At all relevant times, Winn-Dixie was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all relevant times, Winn-Dixie was and is an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. Winn-Dixie was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

---

[1] The parties to this action agreed to toll the FLSA statute of limitations for Plaintiff and all exempt-classified CSMs from September 11, 2024 to August 22, 2025 – a total of 345 days.

26. During at least the last three years, Winn-Dixie has had gross annual sales in excess of $500,000.

27. Winn-Dixie was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

28. Winn-Dixie employed/employs many workers, including Plaintiff, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

29. The goods and materials handled, sold, or otherwise worked on by Plaintiff and other Winn-Dixie employees and that have been moved in interstate commerce include, but are not limited to, food, drink, grocery supplies, office supplies, and computers.

30. The activities performed by Plaintiffs and other Winn-Dixie employees were in connection with the operation of Winn-Dixie's grocery stores. 29 U.S.C. § 203(r)(2)(A).

## FACTS

31. Winn-Dixie is a grocery chain with approximately 350 locations in Florida.

32. Many of Winn-Dixie's employees are non-exempt workers.

33. However, Winn-Dixie employs some workers which it classifies as salary exempt under the FLSA.

34. One such position is the CSM position.

35. Winn-Dixie purportedly classifies CSMs as exempt under the FLSA's executive exemption. *See* 29 C.F.R. 541.100 (outlining Executive Exemption elements).

36. However, Plaintiff and other CSMs cannot be exempt under this exemption because these workers' primary duties are not management work.

37. Rather, Plaintiff and CSMs' primary duties include serving customers, cashiering, counting cash, processing returns, signing up customers in the rewards program, and handling Western Union transactions. CSMs also assist customers while they shop and help customers find products. CSMs also spend significant time cleaning the stores, restocking, setting up products on endcaps, and processing deliveries.

38. As such, Winn-Dixie has misclassified and continues to misclassify Plaintiff and other CSMs as exempt under the FLSA, and has failed to pay these workers overtime compensation for overtime hours worked.

39. During their employment as CSMs, Plaintiff often worked 50 or more hours per week without additional overtime compensation.

40. Winn-Dixie has/had knowledge of the overtime hours worked by Plaintiff and its other CSMs.

41. Upon information and belief, Winn-Dixie has maintained this common policy not to pay overtime wages to CSMs to save on labor costs. CSMs work unpaid overtime hours and Winn-Dixie does not pay them for such time. If hourly, overtime eligible associates worked overtime hours, they would need to be paid overtime wages which would, in turn, increase labor costs for Winn-Dixie. Using CSMs to

work those overtime hours boosts Winn-Dixie's profits and limits its labor costs, to the detriment of Plaintiff and its CSM workforce.

42. Winn-Dixie has also failed to track the accurate hours worked by Plaintiff and other CSMs in violation of the FLSA.

43. Plaintiff and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by Winn-Dixie under federal law.

## COLLECTIVE ACTION ALLEGATIONS

44. Numerous individuals were victimized by Winn-Dixie's patterns, practices, and policies, which are in willful violation of the FLSA.

45. Based on their experiences and tenure with Winn-Dixie, Plaintiff is aware that Winn-Dixie's illegal practices were imposed on the FLSA Collective.

46. Winn-Dixie knew that Plaintiff and its other CSMs primarily performed non-exempt job duties and thus couldn't be exempt under federal law.

47. The FLSA Collective members were not paid overtime premiums for their overtime hours worked.

48. These employees are victims of Winn-Dixie's unlawful compensation practices and are similarly situated to Plaintiff in terms of the pay provisions and employment practices at issue regarding the FLSA Collective.

49. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

50. Each member of the FLSA Collective is a CSM with similar job duties and who was paid a salary with no overtime compensation.

51. Winn-Dixie's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices,

which are not dependent on the personal circumstances of the FLSA Collective members.

52. Winn-Dixie did not conduct an individual analysis or review of the exempt status of Plaintiff or CSMs to ensure that they were correctly classified as exempt.

53. Winn-Dixie failed to inquire whether Plaintiff and other CSMs primarily performed exempt job duties and nevertheless classified them as all exempt from the overtime pay requirements of the FLSA.

54. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION—VIOLATIONS OF THE FLSA

55. Plaintiff incorporates all other allegations.

56. By failing to pay Plaintiff and the FLSA Collective members overtime premiums for overtime hours worked, Winn-Dixie violated the FLSA. 29 U.S.C. §207.

57. Winn-Dixie owes Plaintiff and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

58. Winn-Dixie knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

59. Because Winn-Dixie knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Winn-Dixie owes these wages for at least the past three years.

60. Winn-Dixie's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

61. Because Winn-Dixie's decision not to pay overtime was not made in good faith, Winn-Dixie also owes Plaintiff and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

62. Accordingly, Plaintiff and the FLSA Collective members are entitled to their full unpaid wages under the FLSA, including overtime pay in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

Plaintiff prays for judgment against Winn-Dixie as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order finding Winn-Dixie liable for violations of federal wage laws with respect to Plaintiff and all FLSA Collective members covered by this case;

    c. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Plaintiff and all FLSA Collective members covered by this case;

    d. For a judgment awarding attorneys' fees to Plaintiff and FLSA Collective members covered by this case;

    e. For a judgment awarding costs to Plaintiff and all FLSA Collective members covered by this case;

    f. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Plaintiff and all FLSA Collective members covered by this case; and

- 9 -

    g.    For all such other and further relief as may be necessary and appropriate.

Date: October 13, 2025          Respectfully submitted,

By: */s/* Gregg I. Shavitz
Gregg I. Shavitz, Trial Counsel
Florida Bar No. 11398
Marilyn Linares
Florida Bar No. 1030948
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
(561) 447-8888
gshavitz@shavitzlaw.com
mlinares@shavitzlaw.com

Ryan Morgan
Florida Bar No. 15527
Andrew Frisch
Florida Bar No. 27777
Kim De Arcangelis
Florida Bar No. 25871
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
(407) 418-2069
rmorgan@forthepeople.com
afrisch@forthepeople.com
kimd@forthepeople.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

/s/Gregg I Shavitz
Gregg I. Shavitz